# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 2:00CR10067 |
| v. | ) | **OPINION** |
| | ) | |
| **RICHARD A. ORR,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Richard A. Orr, Pro Se Defendant.*

Defendant Richard A. Orr has filed this pleading that I construe as a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C.A. § 2255 (West 2006).[1] Upon review of the motion and court records, I find that the § 2255 motion must be dismissed as successive.

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. *See* § 2255(h). Court records indicate that Orr previously filed a § 2255 motion concerning this same conviction and sentence. *See Orr v. United States*, No. 7:02CV01101 (W.D. Va.

---

[1] Orr styles his pleading as a "MOTION FOR JUDICIAL RELIEF NEW DISCOVERY PURSUANT TO FEDERAL RULE 60(B)(6)." The Federal Rules of Civil Procedure do not provide a vehicle by which a defendant may challenge his criminal judgment. *See United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998). Therefore, Rule 60(b)(6) provides no authority under which Orr may seek relief directly from the criminal judgment.

May 19, 2004), *appeal dismissed*, 114 F. App'x 579 (4th Cir. 2004) (unpublished). Because Orr offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion,[2] I must dismiss Orr's current action without prejudice.

      A separate Final Order will be entered herewith.

DATED: March 23, 2012

/s/ James P. Jones
United States District Judge

---

[2] Orr asserts that his current claim is based on newly discovered evidence about the monetary value of a firearm on which Orr's sentence was enhanced. Newly discovered evidence is not a ground on which this court may sidestep the successive petition bar in § 2255(h).